UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 6:23-CR-59-REW-HAI-2 |
| v. | ) | |
| | ) | ORDER |
| MICHAEL BASALYGA, | ) | |
| | ) | |
| Defendant. | ) | |

*** *** *** ***

After conducting Rule 11 proceedings, *see* DE 14 (Minute Entry), Judge Ingram recommended that the undersigned accept Defendant Michael Basalyga's guilty plea and adjudge him guilty of the Information (DE 12, Counts 1 and 3). *See* DE 27 (Recommendation); *see also* DE 23 (Plea Agreement). Judge Ingram expressly informed Defendant of his right to object to the recommendation and to secure de novo review from the undersigned. *See* DE 27 at 3. The established three-day objection deadline has passed, and no party has objected.

The Court is not required to "review . . . a magistrate[ judge]'s factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 106 S. Ct. 466, 472 (1985); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (quoting *Kensu v. Haigh*, 87 F.3d 172, 176 (6th Cir. 1996)) (alterations adopted) (noting that the Sixth Circuit has "long held that, when a defendant does 'not raise an argument in his objections to the magistrate judge's report and recommendation he has forfeited his right to raise this issue on appeal'"); *United States v. Olano*, 113 S. Ct. 1770, 1777 (1993) (distinguishing waiver and forfeiture); FED. R. CRIM. P. 59(b)(2)–(3) (limiting de novo review duty to "any objection" filed);

1

28 U.S.C. § 636(b)(1) (limiting de novo review duty to "those portions" of the recommendation "to which objection is made").

The Court thus, with no objection from any party and on full review of the record, **ORDERS** as follows:

1. The Court **ADOPTS** DE 27, **ACCEPTS** Defendant's guilty plea, and **ADJUDGES** Defendant guilty of the Information (Counts 1 and 3);

2. Further, per Judge Ingram's recommendation, the Defendant's plea agreement (DE 23 ¶ 11), and an audit of the rearraignment hearing, the Court provisionally **FINDS** that the property identified in the Information's Forfeiture Allegations, DE 12 at 5–6 (the real property, vehicle, currency, cryptocurrency, and personal property), is forfeitable. Defendant has an interest in said property, and the Court preliminarily **ADJUDGES** Defendant's interest in such property **FORFEITED.** Under Criminal Rule 32.2, and absent pre-judgment objection, "the preliminary forfeiture order becomes final as to" Defendant at sentencing. Fed. R. Crim. P. 32.2 (b)(4)(A). The Court will further address forfeiture, and reflect any administrative forfeiture that is concluded, at that time. *See id.* at (b)(4)(B). To the extent the forfeiture encompasses a money judgment, the United States shall file a motion substantiating any claimed total within 30 days, and the defense may respond within 15 additional days from the filing—both parties shall indicate the need for a separate hearing on the judgment amount; and

3. The Court will issue a separate sentencing order. [1]

This the 16th of November, 2023.

---

[1] Judge Ingram preserved Basalyga's status, ordered him to remain on bond pending sentencing, and recommended his continued release upon the Court's acceptance of his guilty plea. *See* DE 14; DE 27 at 2. Accordingly, the Court finds that Basalyga will remain on bond pending sentencing, subject to intervening orders.

Signed By:
*Robert E. Wier*

**United States District Judge**

3